UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PONDEROSA TWINS PLUS ONE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>IHEARTMEDIA, INC., et al.,<br><br>Defendants. | Case No. 16-cv-05648-VC<br><br>**ORDER GRANTING MOTION TO DISMISS, DENYING MOTION TO STRIKE, AND DENYING MOTION TO TRANSFER**<br><br>Re: Dkt. Nos. 77, 78, 67 |

Spicer's complaint arises out of the defendants' use of a sound recording in their internet radio services. He asserts state-law claims for copyright infringement (under the common law and section 980 of the California Civil Code), unfair competition, misappropriation, unfair business practices, and conversion. All claims are dismissed with leave to amend. Some of the defendants have also filed an anti-SLAPP motion as a motion to strike; it is denied without prejudice and may be brought again in response to the amended complaint. *See Verizon Delaware, Inc. v. Covad Commcations Co.*, 377 F.3d 1081, 1090–91 (9th Cir. 2004); *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 820 (N.D. Cal. 2019).

As discussed more fully at the hearing, it seems unlikely that Spicer will be able to state a claim that the defendants infringed on any California copyrights, either under the common law or under section 980(a)(2). Whatever the extent of common-law copyright in the 1960s, there is no indication that it included a right to prevent others from publicly playing a sound recording. In any event, there is every indication that whatever copyrights did exist under California law were lost when Spicer published his recordings. *See Lone Ranger Television, Inc. v. Program Radio*

*Corp.*, 740 F.2d 718, 725–26 (9th Cir. 1984); *see also* Assemb. B. 3483, 1981-1982 Leg., Reg. Sess. (Cal. 1982), Dkt. No. 77-9, at 15 (explaining that once a work was published, it was protectable only by federal copyright). And section 980(a)(2) cannot provide an independent basis for these claims: the 1982 amendment to California's copyright provision did not expand copyrights in sound recordings, and its drafters recognized that works lost state-law copyright protection if published before 1978. *See* Cal. Assemb. B. 3483, Dkt. No. 77-9, at 15. Thus, it appears from the complaint that Spicer alleges infringement of a public-performance copyright that never existed, or of reproduction & distribution copyrights lost long ago. And it appears that *Flo & Eddie Inc. v. Sirius XM Radio Inc.*, No. CV 13-5693 PSG (RZX), 2014 WL 4725382 (C.D. Cal. Sept. 22, 2014), and *Flo & Eddie, Inc. v. Pandora Media, Inc.*, No. CV 14-7648 PSG (RZX), 2015 WL 13839451 (C.D. Cal. Feb. 23, 2015), to the extent they stand for contrary propositions, were incorrectly decided. Nonetheless, because this was Spicer's first attempt to state claims for copyright infringement, leave to amend is granted in an abundance of caution, and with the understanding that Spicer could very well find himself on the wrong end of a renewed anti-SLAPP motion with respect to these claims.

California law may support non-copyright claims arising from the reproduction and distribution of Spicer's sound recording. *See Lone Ranger*, 740 F.2d at 726. But the complaint's factual allegations focus almost entirely on public performance, and they only begin to describe conduct that might amount to reproduction and distribution. Spicer is granted leave to allege facts to back up his assertions that the defendants reproduced and distributed his recording in violation of California law. If the reproduction and distribution allegations apply to only some defendants, the amended complaint must make that clear.

Any amended complaint is due within 21 days of this order, and the defendants must file a response to the amended complaint within 21 days of its filing. If the defendants intend to respond with a motion to dismiss and an anti-SLAPP motion, they should file one combined

motion not to exceed 20 pages. The opposition to these motions may not exceed 20 pages, and the reply may not exceed 12 pages.

Finally, Spicer's motion to transfer the case to the Central District of California is denied. Considering all the relevant factors, this forum is convenient for parties and witnesses, and a transfer would not be in the interest of justice. 28 U.S.C. § 1404. Indeed, Spicer previously took the position that this case should be transferred from the Southern District of California to this district; his change of heart appears based solely on the fact that a plaintiff in a similar case received a favorable ruling in the Central District.

**IT IS SO ORDERED.**

Dated: June 26, 2020

_____
VINCE CHHABRIA
United States District Judge